1

The Honorable Richard A. Jones

2

3

4

5

6

7       UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

PAUL BARRERA, on behalf of himself and all
9  others similarly situated,                     CASE NO. 2:19-CV-01197-RAJ-BAT

10              Plaintiff,                         **AMENDED CLASS ACTION
                                                   COMPLAINT**
11       v.
                                                   **JURY TRIAL DEMANDED**
12  BOEING EMPLOYEES CREDIT UNION,

13              Defendant.

14

                         **CLASS ACTION COMPLAINT**
15
        Plaintiff, Paul Barrera, individually and on behalf of the class of persons preliminarily
16
    defined below, makes the following allegations based upon information and belief, except as to
17
    allegations specifically pertaining to Plaintiff, which are based on personal knowledge.
18
                             **NATURE OF THE ACTION**
19
        1.      Plaintiff brings this action on behalf of himself and a class of all similarly situated
20
    consumers against Defendant, Boeing Employees Credit Union ("BECU"), arising from its
21
    routine practices of charging two or more Non-Sufficient Funds Fees ("NSF Fee") on a single
22
    transaction.
23

24

AMENDED CLASS ACTION COMPLAINT - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

2.      BECU misleadingly and deceptively misrepresents each of the above practices, including in its own account contracts. BECU also omits material facts pertaining to each of the above practices, including in its account contracts.

3.      This is a civil action seeking monetary damages, restitution, and declaratory and injunctive relief.

4.      As described herein, Defendant's practices violate Washington statutory and common law, as well as the Defendant's own form contracts.

5.      Defendant's improper scheme to extract funds from account holders has victimized Plaintiff and hundreds of other similarly situated consumers. Unless enjoined, Defendant will continue to engage in these schemes and will continue to cause substantial injury to its consumers.

## PARTIES

6.      Plaintiff is an individual and resident of Shoreline, Washington.

7.      Defendant, Boeing Employees Credit Union, is a Washington credit union and one of the nation's largest credit unions. It has over $20 billion in assets and maintains several branches throughout Washington.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed class is a citizen of a different state than the Defendant.

AMENDED CLASS ACTION COMPLAINT - 2

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant is subject to personal jurisdiction here and conducts business in Washington and because a substantial part of the events or omission giving rise to the claims asserted herein occurred in this district.

## BACKGROUND FACTS

### BECU CHARGES TWO OR MORE NSF FEES ON THE SAME ITEM

10.      As alleged more fully herein, BECU's account documents allow it to take certain steps when an account holder attempts a transaction but does not have sufficient funds to cover it. Specifically, BECU may (a) authorize the transaction and charge a *single* $25 overdraft fee ("OD Fee"); or (b) reject the transaction and charge a *single* $25 NSF Fee.

11.      In contrast to its account documents, however, BECU regularly assesses two or more NSF Fees on the *same* item or transaction.

12.      This abusive practice is not universal in the financial services industry. Indeed, major banks like Chase—the largest consumer bank in the country—do not undertake the practice of charging more than one NSF Fee on the same item when it is reprocessed. Instead, Chase charges one NSF Fee even if a transaction is resubmitted for payment multiple times.

13.      BECU's account documents never disclose this practice. To the contrary, BECU's account documents indicate it will only charge a single NSF Fee on an item or per transaction.

**A.      Plaintiff's Experience**

14.      In support of his claims, Plaintiff offers an example of NSF Fees that should not have been assessed against his checking account. As alleged below, BECU: (a) reprocessed a previously declined a transaction; and (b) charged a fee to reprocess the transaction, which Plaintiff never requested.

AMENDED CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

15.     On July 28, 2017, Plaintiff attempted an ACH payment to Paypal.

16.     BECU rejected payment of that transaction due to insufficient funds in Plaintiff's account and charged him a $25 NSF Fee for doing so. Plaintiff does not dispute the initial fee, as it is allowed by BECU's account documents.

17.     On August 3, 2017, unbeknownst to Plaintiff and without his request to BECU to retry the transaction, BECU processed the same transaction yet again and called it a "RETRY PYMT" on the bank statement. Again BECU rejected the transaction due to insufficient funds and charged Plaintiff *another* $25 NSF Fee.

18.     *In sum, BECU charged Plaintiff $50 in fees to attempt to process a single electronic payment.*

19.     Plaintiff understood the payment to be a single transaction as is laid out in the BECU contract, capable at most of receiving a single NSF Fee (if BECU returned it) or a single OD Fee (if BECU paid it).

**B.     The Imposition of Multiple NSF Fees on a Single Transaction Violates BECU's Express Promises and Representations**

20.     The Deposit Agreement provides the general terms of Plaintiff's relationship with the BECU, and BECU makes explicit promises and representations therein regarding how transactions will be processed, as well as when NSF Fees and OD Fees may be assessed.

21.     The Deposit Agreement contains explicit terms indicating that NSF Fees will only be assessed once per transaction or item, when in fact BECU regularly charges two or more NSF Fees per transaction or item even though a customer only requested the payment or transfer once.

22.     BECU's account documents indicate that a singular NSF Fee can be assessed on checks, ACH debits, and electronic payments.

AMENDED CLASS ACTION COMPLAINT - 4

23.     BECU's account documents state that it will charge $25 per item or transaction that is returned due to insufficient funds.

24.     According to the BECU Consumer Account Disclosure ("Fee Schedule"):

**As a not-for-profit credit union we are committed to offering fewer-to-no fees.**

. . .

Non-Sufficient Funds (NSF) Fees[] NSF Fee $25.00 per transaction for which the available balance is not sufficient for checks and/or ACH payments; fee will be charged if check and/or ACH payment is paid or returned unpaid.

Ex. B, Fee Schedule.

25.     The Fee Schedule states that a *single* fee will be assessed on "checks and/or ACH payments."

26.     Further, the Fee Schedule makes clear that, for all transaction types (whether debit card, check, ACH, or other transaction), only a single NSF Fee or OD Fee can be charged. Indeed, more than one OD Fee is impossible for transactions like debit card transactions, which can only possibly be paid or rejected one time. Using language identical to the language its uses to describe NSF Fees, BECU's Fee Schedule states:

Overdraft * $25.00 per debit card transaction for which the available balance is not sufficient and the transaction is paid (Optional Courtesy Pay Overdraft Service for Debit Transactions Opt-In required before Overdraft fee will be charged).

Ex. B.

27.     In short, most of the transactions and fee types covered by the Fee Schedule can only occur once, and there is no warning that a certain type of transaction or fee can happen more than once.

28.     Further, the Deposit Agreement repeatedly states that at most a single NSF Fee may be assessed on transactions:

AMENDED CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

We will process debit and credit Automatic Clearing House ("ACH") transactions throughout the day, in the order they are received in our processing center. Therefore, if an Account withdrawal or debit transaction is processed in the morning and it exceeds your available Account balance at that time, **you may be charged *a* non-sufficient funds (NSF) fee,** even if a deposit or credit transaction occurring later that day raises your available balance above $0.00. We may receive multiple credit or debit transactions on your Accounts in many different forms throughout each day. The best way to know how much money you have available to spend, and to avoid paying NSF fees, is to record and track all your transactions closely.

. . .

Withdrawal Restrictions We are required to permit a withdrawal, honor any item, complete a POS transfer, or pay any other EFT, or ATM/bit transaction only if you have sufficient available funds in your Account to cover the full amount of the transaction or you have funds available to cover the transaction as described in the "Overdrafts" section. **In our sole discretion, we may honor any item, in which case you agree to pay the NSF fee set forth in the Consumer Account Disclosure, regardless of whether we decide to pay or dishonor the item**.

. . .

**If we return an item or decline a transaction for nonsufficient funds, you will be charged *an* NSF fee.** We have no obligation to notify you if we return an item or decline a transaction for nonsufficient funds.

. . .

We will process ACH transactions throughout the day, which may include debits and credits. You must keep sufficient funds in your Accounts at all times because debits and credits may occur throughout the day. We may receive multiple deposit or credit and withdrawal or debit transactions on your accounts in many different forms throughout each day. **If a withdrawal or debit occurs when there are insufficient available funds, you may be charged *an* NSF fee whether that transaction is processed or not.** Although any subsequent deposit or credit transactions made later that same day may bring the available account balance above $0.00, the prior NSF fee will remain on the account. The best way to know how much money you have available to spend, and to avoid paying NSF fees, is to record and track all your transactions closely.

Ex. A at 7, 9, 11, 19 (emphasis added).

AMENDED CLASS ACTION COMPLAINT - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

29.     The same "check and/or ACH payment" on an account cannot conceivably become a new one each time it is rejected for payment then reprocessed, especially when—as here—Plaintiff took no action to resubmit them.

30.     There is zero indication anywhere in BECU's account documents that the same "check and/or ACH payment" is eligible to incur multiple NSF Fees.

31.     Even if BECU reprocesses an instruction for payment, it is still the same "check and/or ACH payment." Its reprocessing is simply another attempt to effectuate an account holder's original order or instruction.

32.     The disclosures described above never discuss a circumstance where BECU may assess multiple NSF Fees for a single check or ACH transaction that was returned for insufficient funds and later reprocessed one or more times and returned again.

33.     In sum, BECU promises that one $25 NSF Fee will be assessed per electronic payment or check, and these terms must mean all iterations of the same instruction for payment. As such, BECU breached the contract when it charged more than one fee per item.

34.     Reasonable consumers understand any given authorization for payment to be one, singular "check and/or ACH payment," as those terms are used in BECU's account documents.

35.     Taken together, the representations and omissions identified above convey to customers that all submissions for payment of the same transaction will be treated as the same "check and/or ACH payment," which BECU will either authorize (resulting in an overdraft item) or reject (resulting in a returned item) when it decides there are insufficient funds in the account. Nowhere does BECU disclose that it will treat each reprocessing of a check or ACH payment as a separate item, subject to additional fees, nor do BECU customers ever agree to such fees or practices.

AMENDED CLASS ACTION COMPLAINT - 7

36.    Customers reasonably understand, based on the language of the Deposit Agreement and BECU's other account documents, that its reprocessing of checks or ACH payments are simply additional attempts to complete the original order or instruction for payment and as such will not trigger additional NSF Fees. In other words, it is always the same item or transaction.

37.    Banks and credit unions like BECU that employ this abusive practice know how to plainly and clearly disclose it. Indeed, other banks and credit unions that do engage in this abusive practice disclose it expressly to their account holders—something Defendant here never did.

38.    For example, First Citizens Bank, a major institution in the Carolinas, engages in the same abusive practice as BECU, but at least expressly states:

> Because we may charge a service fee for an NSF item each time it is presented, **we may charge you more than one service fee for any given item**. All fees are charged during evening posting. When we charge a fee for NSF items, the charge reduces the available balance in your account and may put your account into (or further into) overdraft.

*Deposit Account Agreement*, First Citizen's Bank (Sept. 2018), https://www.firstcitizens.com/personal/banking/deposit-agreement (emphasis added).

39.    First Hawaiian Bank engages in the same abusive practices as Defendant, but at least currently discloses it in its online banking agreement, in all capital letters, as follows:

> YOU AGREE THAT MULTIPLE ATTEMPTS MAY BE MADE TO SUBMIT A RETURNED ITEM FOR PAYMENT AND THAT **MULTIPLE FEES MAY BE CHARGED TO YOU AS A RESULT OF A RETURNED ITEM AND RESUBMISSION**.

AMENDED CLASS ACTION COMPLAINT - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Terms and Conditions of FHB Online Services*, First Hawaiian Bank 40, https://www. fhb.com/ en/assets/File/Home_Banking/FHB_Online/Terms_and_Conditions_of_FHB_Online_Services _RXP1.pdf (last accessed July 17, 2019) (emphasis added).

40.     Klein Bank similarly states in its online banking agreement:

[W]e will charge you an NSF/Overdraft Fee each time: (1) a Bill Payment (electronic or check) is submitted to us for payment from your Bill Payment Account when, at the time of posting, your Bill Payment Account is overdrawn, would be overdrawn if we paid the item (whether or not we in fact pay it) or does not have sufficient available funds; or (2) we return, reverse, or decline to pay an item for any other reason authorized by the terms and conditions governing your Bill Payment Account. We will charge an NSF/Overdraft Fee as provided in this section regardless of the number of times an item is submitted or resubmitted to us for payment, and regardless of whether we pay the item or return, reverse, or decline to pay the bill payment.

*Special Handling/Electronic Banking Disclosures of Charges*, First Financial Bank 2 (Aug. 2018), https://www.bankatfirst.com/content/dam/first-financial-bank/eBanking_Disclosure _of_ Charges.pdf.

41.     BECU provides no such disclosure, and in so doing, deceives its account holders.

**C.     The Imposition of Multiple NSF Fees on a Single Transaction Breaches BECU's Duty of Good Faith and Fair Dealing**

42.     Parties to a contract are required not only to adhere to the express conditions in the contract but also to act in good faith when they are invested with a discretionary power over the other party. In such circumstances, the party with discretion is required to exercise that power and discretion in good faith. This creates an implied promise to act in accordance with the parties' reasonable expectations and means that BECU is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, BECU has a duty to honor transaction requests in a way that is fair to Plaintiff and its other customers and is prohibited from exercising its discretion to pile on even greater penalties on the depositor.

AMENDED CLASS ACTION COMPLAINT - 9

43.     Here—in the adhesion agreements BECU foisted on Plaintiff and its other customers—BECU has provided itself numerous discretionary powers affecting customers' credit union accounts. But instead of exercising that discretion in good faith and consistent with consumers' reasonable expectations, BECU abuses that discretion to take money out of consumers' accounts without their permission and contrary to their reasonable expectations that they will not be charged multiple fees for the same transaction.

44.     BECU exercises its discretion in its own favor—and to the prejudice of Plaintiff and its other customers—when it reprocesses a transaction when it knows a customer's account lacks funds and then charges additional NSF Fees on a single item. Further, BECU abuses the power it has over customers and their accounts and acts contrary to their reasonable expectations under the Deposit Agreement. This is a breach of BECU's implied covenant to engage in fair dealing and act in good faith.

45.     Further, BECU maintains complete discretion not to assess NSF Fees on transactions at all. As alleged in the previous paragraph, an NSF Fee "may" be assessed on certain "transactions." By exercising its discretion in its own favor—and to the prejudice of Plaintiff and other customers—by charging more than one NSF Fee on a single "transaction," BECU breaches the reasonable expectation of Plaintiff and other customers and in doing so violates the implied covenant to act in good faith.

46.     It was bad faith and totally outside Plaintiff's reasonable expectations for BECU to use its discretion to assess two or more NSF Fees for a single attempted payment.

47.     When BECU charges multiple NSF Fees, BECU uses its discretion to define the meaning of "check and/or ACH payment" in an unreasonable way that violates common sense

AMENDED CLASS ACTION COMPLAINT - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and reasonable consumer expectations. BECU uses its contractual discretion to set the meaning of those terms to choose a meaning that directly causes more NSF Fees.

48.     Moreover, BECU provides itself discretion to refuse to reprocess transactions that are initially rejected. It abuses that discretion to repeatedly resubmit transactions and to charge fees each time.

## CLASS ACTION ALLEGATIONS

49.     <u>Description of the Class</u>: Plaintiff brings this class action on behalf of himself and a class of persons defined as follows:

> All consumers who, during the applicable statute of limitations, were charged multiple NSF Fees on the same item on a BECU checking account (the "Class")

50.     Excluded from the Class are Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

51.     The time period for the Class is the number of years immediately preceding the date on which this Complaint was filed as allowed by the applicable statute of limitations, going forward into the future until such time as BECU remedies the conduct complained of herein.

52.     <u>Numerosity</u>: The members of the proposed Class are so numerous that individual joinder of all members is impracticable. The exact number and identities of the members of the proposed Class are unknown at this time and can be ascertained only through appropriate discovery. Plaintiff estimates the number of members in the Class to be in the thousands.

53.     <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate

AMENDED CLASS ACTION COMPLAINT - 11

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

over any questions that may affect individual Class members. Common questions of law and fact include:

> A.     Whether BECU charged multiple NSF Fees on a single transaction;
>
> B.     Whether BECU breached its own contract by charging multiple NSF Fees on a single transaction;
>
> C.     Whether BECU breached the covenant of good faith and fair dealing by charging multiple NSF Fees on a single transaction;
>
> D.     Whether BECU violated the Washington Consumer Protection Act, RCW 19.86.010, et seq;
>
> E.     The proper method or methods by which to measure damages; and
>
> F.     The declaratory and injunctive relief to which the Class are entitled.

54.     Typicality: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by BECU's actions.

55.     Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex and consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

56.     Superiority of Class Action: Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome

AMENDED CLASS ACTION COMPLAINT - 12

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    to the courts in which the individual litigation would proceed. Individual litigation magnifies the

2    delay and expense to all parties in the court system of resolving the controversies engendered by

3    Defendant's common course of conduct. The class action device allows a single court to provide

4    the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all

5    class members' claims in a single forum. The conduct of this action as a class action conserves

6    the resources of the parties and of the judicial system and protects the rights of the Class

7    members.

8         57.    Risk of Inconsistent or Varying Adjudication: Class action treatment is proper,

9    and this action should be maintained as a class action because the risks of separate actions by

10   individual members of the Class would create a risk of: (a) inconsistent or varying adjudications

11   with respect to individual Class members which would establish incompatible standards of

12   conduct for the BECU as the parties opposing the Class; and/or (b) adjudications with respect to

13   individual Class members would, as a practical matter, be dispositive of the interests of other

14   Class members not party to the adjudication or would substantially impair or impede their ability

15   to protect their interests.

16        58.    Action Generally Applicable to Class as a Whole: BECU, as the party opposing

17   the Class, has acted or refused to act on grounds generally applicable to the Class, thereby making

18   appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as

19   a whole.

20                          **FIRST CLAIM FOR RELIEF**
21   **Breach of Contract, Including Breach of the Covenant of Good Faith and Fair Dealing**
     **(On Behalf of Plaintiff and the Class)**

22        59.    Plaintiff incorporates by reference the preceding paragraphs.

23

24

AMENDED CLASS ACTION COMPLAINT - 13

60.     Plaintiff and BECU have contracted for banking services, as embodied in BECU's account documents.

61.     All contracts entered by Plaintiff and the Class are identical or substantively identical because BECU's form contracts were used uniformly.

62.     BECU has breached the express terms of its own agreements as described herein.

63.     Under the law of states where BECU does business, good faith is an element of every contract. All contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

64.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain and abuse of a power to specify terms.

65.     BECU abused the discretion it granted to itself when it charged more than one NSF Fee on a single item.

66.     In these and other ways, Defendant violated its duty of good faith and fair dealing.

67.     Defendant willfully engaged in the foregoing conduct for the purpose of (1) gaining unwarranted contractual and legal advantages; and (2) unfairly and unconscionably maximizing fee revenue from Plaintiff and other members of the Class.

AMENDED CLASS ACTION COMPLAINT - 14

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

68.    Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the agreements.

69.    Plaintiff and members of the Class have sustained damages as a result of Defendant's breaches of the parties' contracts and breaches of contract through violations of the covenant of good faith and fair dealing.

## SECOND CLAIM FOR RELIEF
### Violations of the Washington Consumer Protection Act, RCW  19.86.010, *et seq.*
### (On Behalf of Plaintiff and the Class)

70.    Plaintiff incorporates by reference the preceding paragraphs.

71.    Washington's Consumer Protection Act, RCW Ch. 19.86 ("CPA"), protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

72.    To achieve that goal, the CPA prohibits any person from using "unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." RCW 19.86.020.

73.    Plaintiff and members of the Class are "persons" as defined in RCW 19.86.010(1).

74.    Defendant BECU is a "person" as defined in RCW 19.86.010(1).

75.    As alleged herein, BECU's routine policies and practices of charging two or more NSF Fees on a single transaction violates the CPA because it is unfair and deceptive.

76.    BECU's policies and practices are deceptive and unfair because BECU misleadingly and actively omits material facts and deceptively misrepresents the above practices, including in its own account documents.

AMENDED CLASS ACTION COMPLAINT - 15

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

77.     BECU's conduct was deceptive. By failing to honestly disclose its true NSF Fee practices and policies to consumers, BECU made affirmative misrepresentations and omissions of material fact, and thus, engaged in deceptive acts or practices.

78.     BECU conduct was also unfair. BECU's practice of charging two or more NSF Fees on a single transaction was and is likely to cause substantial injury to consumers in the form of excessive, multiple NSF Fees. Consumers could not reasonably avoid these NSF Fees which were not outweighed by countervailing benefit, as consumers took no action to resubmit such transactions, but were nonetheless charged multiple NSF Fees.

79.     Had Plaintiff and members of the Class been aware that they were going to be charged NSF Fees in the manner BECU assessed, Plaintiff and members of the Class would not have entered into such transactions and would not have incurred multiple NSF Fees.

80.     As a direct and proximate result of BECU's unfair and deceptive acts and practices in violation of the CPA, Plaintiff and members of the Class have incurred more NSF Fees than they should have, and have suffered injury to their business or property in the form of monetary damages for which BECU is liable.

81.     BECU's unfair and deceptive acts and practices occur in trade or business and have had, and to continue to have, the capacity to deceive a substantial portion of the public. BECU's common courses of unfair and deceptive acts and practices impact the public interest because BECU provides financial services to thousands of consumers in the State of Washington, who are affected by BECU's unfair and deceptive acts and practices.

82.     Plaintiff and members of the Class seek actual damages plus interest on damages at the legal rate, as well as all other just and proper relief afforded by the CPA. As redress for

AMENDED CLASS ACTION COMPLAINT - 16

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

BECU's repeated and ongoing violations, Plaintiff and members of the Class are entitled to, *inter alia*, actual damages, treble damages, attorney's fees, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on behalf of the Class respectfully request that the Court:

(a)   Certify this case as a class action, designating Plaintiff as class representative and designating the undersigned as Class Counsel;

(b)   Award Plaintiff and the Class actual, statutory, and punitive damages in an amount to be proven at trial;

(c)   Award Plaintiff and the Class restitution in an amount to be proven at trial;

(d)   Award Plaintiff and the Class pre-judgment interest in the amount permitted by law;

(e)   Award Plaintiff and the Class attorneys' fees and costs as permitted by law;

(f)   Declare BECU's practices outlined herein to be unlawful and a breach of contract;

(g)   Enjoin BECU from engaging in the practices outlined herein;

(h)   Grant Plaintiff and the Class a trial by jury;

(i)   Grant leave to amend these pleadings to conform to evidence produced at trial; and

(j)   Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

AMENDED CLASS ACTION COMPLAINT - 17

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1     DATED this 11th day of October, 2019.

2                TOUSLEY BRAIN STEPHENS PLLC

3          By: *s/ Kim D. Stephens*
                Kim D. Stephens, P.S., WSBA #11984

4

5          By: *s/ Cecily C. Shiel*
                Cecily C. Shiel, WSBA #50061

6                1700 Seventh Avenue, Suite 2200
                Seattle, Washington  98101

7                Telephone:  206.682.5600/Fax: 206.682.2992
                Email:     kstephens@tousley.com

8                             cshiel@tousley.com

9                Jeffrey Kaliel (*pro hac vice*)
                Sophia Gold (*pro hac vice*)

10               KALIEL PLLC
               1875 Connecticut Avenue NW, 10th Floor

11              Washington, DC 20009
               Telephone: (202) 250-4783

12              Email:     jkaliel@kalielpllc.com
                         sgold@kalielpllc.com

13

14              Lynn A. Toops (*pro hac vice*)
               COHEN & MALAD, LLP

15              One Indiana Square
               Suite 1400

16              Indianapolis, IN 46204
               Telephone: 317-636-6481

17             Facsimile: 317-636-2593
               Email:     ltoops@cohenandmalad.com

18             J. Gerard Stranch, IV (*pro hac vice*)
               Martin F. Schubert (*pro hac vice*)

19             BRANSTETTER, STRANCH
              & JENNINGS, PLLC

20             223 Rosa L. Parks Avenue, Suite 200
              Nashville, Tennessee 37203

21             Telephone: (615) 254-8801
               Facsimile: (615) 255-5419

22             Email:     gerards@bsjfirm.com

23             Christopher D. Jennings (*pro hac vice*)
               THE JOHNSON FIRM

24

AMENDED CLASS ACTION COMPLAINT - 18

1

2226 Cottondale Lane, Suite 210
Little Rock, AR 72202
Phone: (501) 372-1300
Email:      chris@yourattorney.com

2

3

4

5

*Attorneys for Plaintiff and the Putative Class*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

AMENDED CLASS ACTION COMPLAINT - 19

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) will be served in accordance with the Federal Rules of Civil Procedure.

DATED this 11th day of October, 2019.

_s/ Kim D. Stephens_
Kim D. Stephens, WSBA #11984

6642/001/543651.1

AMENDED CLASS ACTION COMPLAINT - 20

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992